**Terry Lavonne LILLICH, Petitioner,**

v.

**CITY OF TULSA and Lawrence A. Yeagley, Municipal Judge, Respondents.**

**No. O–76–367.**

Court of Criminal Appeals of Oklahoma.

June 9, 1976.

John Street, Tulsa, for petitioner.

Waldo F. Bales, City Atty., by Michael J. Fairchild, Asst. City Atty., for respondents.

OPINION

BUSSEY, Judge.

Petitioner, Terry Lavonne Lillich, has filed in this Court a Petition for Writ of Mandamus requesting this Court to enter an Order directing the Honorable Lawrence A. Yeagley, Judge of the Municipal Court of the City of Tulsa, to allow her to file a Motion for New Trial.

The facts in this case are that on December 8, 1975, Petitioner was tried and convicted for the crime of Outraging Public Decency, Case No. 205932, and the jury fixed her punishment at Ninety (90) days' imprisonment in the City Jail and a fine of Three Hundred Dollars ($300.00). Formal sentencing was set for December 18, 1975, at 8:30 a. m. On that date the Petitioner failed to appear and a bench warrant was issued for her arrest. Petitioner was arrested on an unrelated charge on May 1, 1976. Thereafter, the trial judge set sentencing for May 13, 1976. On this date, but prior to sentencing, Petitioner attempted to file a Motion for New Trial and the City Attorney objected. Thereafter, a hearing was held and the trial court sustained the City's objection and denied Petitioner the right to file a Motion for New Trial. Petitioner was then formally sentenced.

The sole question in this case is: when a defendant has been found guilty, but prior to judgment and sentence, fails to appear at the appointed time for pronouncement of judgment and sentence and flees the jurisdiction of the court[1] does he waive his right to file a Motion for New Trial under 22 O.S.1971, § 953 and Rule 2.3(B) of this Court which states:

"Motion for New Trial must be in writing and should be filed before the date

1. In the instant case, after return of the verdict, Petitioner fled the jurisdiction of the court by going to the State of New York

and failed to appear for judgment and sentence.

set for imposition of Judgment and Sentence; however, the trial judge, for good cause shown, may allow such Motion to be filed within thirty (30) days after the date of pronouncement of Judgment and Sentence."

■ It is Petitioner's contention that under this Rule and 22 O.S.1971, § 953, a defendant who has failed to appear for judgment and sentence has an unqualified right to file a Motion for New Trial at any time prior to judgment and sentence. We do not agree.

It appears that this specific issue has never been reached by this Court. However, this Court has uniformly held that when a defendant flees the jurisdiction during the pendency of his appeal, he has abandoned the appeal by placing himself beyond the jurisdiction of the Court and the appeal will be dismissed. The general rule of law on this issue is set forth in 24 C.J.S. Criminal Law § 1420, which states:

". . . An accused who escaped or became a fugitive from justice forfeits his right to ask for a new trial, and in such case a motion therefor is properly refused, . . ."

We agree with the holding of the Montana Supreme Court in the case of *State v. Francis,* 58 Mont. 659, 194 P. 304 (1920), in dealing with this issue. That Court stated, at page 306 of the original opinion:

". . . In the absence of any steps taken by counsel, the court should presume that, the defendant having fled the jurisdiction of the court, he and his counsel had abandoned his motion for a new trial.

"The situation in which the defendant found himself on July 8, 1919, was brought about solely by his own wrongful, voluntary, and contemptuous act in defying the authority of the court; it cannot by any stretch of the imagination be said to have resulted from any dereliction on the part of the court, nor can it be said that relief was then necessary to prevent injustice being done. To al-

low the defendant at that late date to evade the consequences of his own wrongful act would be tantamount to permitting him to take advantage of his own wrong . . ."

■ It is our opinion that when a person has voluntarily absented himself from the jurisdiction of the court without authority of law, prior to judgment and sentence, such conduct amounts to an abandonment and waiver of his right to file a Motion for New Trial under 22 O.S.1971, § 953 and Rule 2.3(B) of this Court.

For all of the above and foregoing reasons the Petition for Writ of Mandamus is *DENIED.*

BRETT, P. J., and BLISS, J., concur.